UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARIDIO ALMANZAR DE LA CRUZ | * | CIVIL ACTION |
| VERSUS | * | NO. 22-374 |
| BP EXPLORATION & PRODUCTION INC. ET AL. | * | SECTION J (2) |

## REPORT AND RECOMMENDATION

Defendants BP Exploration & Production Inc. and BP America Production Company (together, "BP") filed a Motion to Dismiss Plaintiff's Complaints pursuant to Section IV(1) of the BELO Case Initial Proceedings Case Management Order (MDL 2179, ECF No. 14099), which matter was scheduled for submission on April 6, 2022. ECF Nos. 5, 5-4. As of this date, Plaintiff has not filed an Opposition Memorandum, and the deadline for same expired on Tuesday, March 29, 2022. *See* E.D. La. L.R. 7.5.

Having considered the record, movant's submission, the lack of opposition, and the applicable law, I RECOMMEND that BP's Motions to Dismiss be GRANTED and that Plaintiff's Complaint be DISMISSED WITH PREJUDICE for the following reasons.

## I.    BACKGROUND

Plaintiff filed this Back-End Litigation Option suit ("BELO") for Later Manifested Physical Conditions ("LMPC") on February 14, 2022. *See* ECF No. 1. Plaintiff claims that he worked as a Clean-Up Worker from August to November, 2010, and as such, is a Class Member of the Medical Settlement Agreement (the "MSA") (ECF No. 1, ¶ 2, at 1) who was exposed to oil, hydrocarbons and other substances that caused chronic sinusitis, for which he contends he was diagnosed on April 7, 2021. *Id.* ¶¶ 27–28, at 6. Plaintiff contends he has satisfied all pre-suit conditions precedent. *Id.* ¶ 11, at 3.

1

Defendants move to dismiss the Complaint as untimely because, contrary to Plaintiff's allegations, he has not satisfied the conditions precedent for this BELO suit. Specifically, he failed to submit Notice of Intent to Sue within four years of either the first diagnosis of the LMPC or the effective date of the MSA, February 12, 2014, whichever is later,[1] because this is his second suit alleging chronic sinusitis. ECF No. 5-1, at 1. In his earlier BELO suit alleging asthma and chronic rhinitis filed January 25, 2019, he sought to add a claim for chronic sinusitis based on the same April 7, 2021 chronic sinusitis diagnosis by Dr. Greene.[2] Judge Fallon denied the motion, noting that medical records reflected that Plaintiff was first diagnosed with chronic sinusitis on May 20, 2014, by Dr. Hector Rodriguez of ENT and Allergy Associates, LLP.[3]

## II.  LAW AND ANALYSIS

### A.  BELO Background

The BELO lawsuit process is the exclusive remedy for class members who did not opt out of the settlement and who seek compensation for Later-Manifested Physical Conditions ("LMPC"), as defined in the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement. *See* 10-md-2179, ECF No. 6427-1, at § II(VV). A plaintiff begins the BELO process by submitting a Notice of Intent to Sue (a "NOIS") form to the Claims Administrator, which form must identify the LMPC and provide a physician's certification or medical record reflecting the diagnosed condition and date of first diagnosis. MSA, § VIII(A), at 60. As a condition precedent to filing a BELO suit, a class member must submit a Notice of Intent to Sue to the Medical Settlement Agreement Claims Administrator (the "Claims Administrator") within four years after

---

[1] MSA, § VIII(A), ECF No. 3-3, at 1.
[2] ECF No. 46-1, at 2 in Civ. No. 19-532.
[3] ECF No. 61, at 1 (citing ECF No. 47-2 at 5) in Civ. No. 19-532; *see also* ECF No. 5-1, at 2.

either the first diagnosis of the LMPC or the effective date of the MSA (i.e., February 12, 2014), whichever is later. *Id*.

A class member who fails to satisfy all of the MSA's conditions precedent, including a timely NOIS submission, releases his or her claim for the alleged LMPC and is barred from bringing a BELO lawsuit for that condition.[4] This court has repeatedly recognized that the court-approved Medical Settlement Agreement is **not** merely a case management order. Instead, it is an unambiguous, binding contract that cannot be modified or altered without the express written consent of the Medical Benefits Class Counsel and BP's counsel. *Id.* at § XXX(C).

### B. Rule 12(b)(6) Authorizes Consideration of Certain Documents

After pleadings are closed, but within such time as not to delay trial, a party may move for judgment on the pleadings under Rule 12(c).[5] A motion under Rule 12(c) for failure to state a claim is subject to the same standard as a Rule 12(b)(6) dismissal.[6] The Court may consider documents that are "part of the pleadings" (*i.e.*, documents attached to or incorporated in the complaint that are central to plaintiff's claim for relief)[7] as well as matters of public record or subject to judicial notice.[8] In addition, the court may consider any documents attached to the

---

[4] MSA §§ VIII.G.7, VIII.G.8; *see also* MSA §§ VIII.C.3, VIII.G.2.a; *see also McGill v. BP Expl. & Prod., Inc.*, No. 18-130, 2018 WL 10321139 (E.D. La. Feb. 28, 2018), *adopted*, ECF No. 10 (E.D. La. Apr. 23, 2018); *see also Hall v. BP Expl. & Prod.. Inc.*, No. 19-10253, 2019 WL 3043921 (E.D. La. Jun. 26, 2019), *adopted,* 2019 WL 3035505 (E.D. La. Jul. 11, 2019); *Cain v. BP Expl. & Prod., Inc., et al.*, No. 19-10300, ECF No. 6, at 5 (E.D. La. Jul. 26, 2019), *adopted*, ECF No. 7 (E.D. La. Jul. 11, 2019); *Smith v. BP Expl. & Prod., Inc.*, No. 18-14317, 2019 WL 1103715 (E.D. La. Feb. 20, 2019), *adopted*, 2019 WL 1099714 (E.D. La. Mar. 8, 2019).
[5] Fed. R. Civ. P. 12(c); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).
[6] *See In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209–10 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008); *Great Plains Trust Co.*, 313 F.3d at 313 n.8.
[7] *See Causey v. Sewell Cadillac–Chevrolet, Inc*., 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted).
[8] *See United States ex rel. Willard v. Humana Health Plan of Tex. Inc*., 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted); *see also Great Plains Trust Co.*, 313 F.3d at 313 (discussing various characterizations of what documents may be considered on a Rule 12(c) motion). *Cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (citation omitted) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted) (stating a court may consider Complaint, its proper attachments, documents incorporated by reference, and matters of judicial notice).

motion to dismiss that are central to the claim and referenced by the complaint.[9]  Significantly, when an allegation is contradicted by the contents of an attached exhibit, the exhibit (not the allegation) controls.[10]

Medical records may be properly considered in adjudicating a motion to dismiss when the complaint refers to the plaintiff's medical records and those medical records are central to the plaintiff's claims.[11]  Plaintiff's allegations regarding his medical condition and first diagnosis of same are central to his claim for recovery of chronic sinusitis as a LMPC.  Accordingly, judicial notice of prior filings and consideration of Plaintiff's medical records in ruling on this motion to dismiss is appropriate.

C. **Dismissal With/Without Prejudice**

BP seeks a dismissal *with* prejudice because plaintiff's failure to file timely cannot be cured by amending the complaint or granting additional time to comply with conditions precedent.  The failure to satisfy the condition precedent of giving notice of intent to sue within the requisite four-year period is not a mere case management tool, but is required by the court-approved Medical Settlement Agreement and is not subject to alteration.

The Case Management Order ("CMO") governs basic procedural matters at the outset of BELO cases.  ECF No. 3.  It expressly permits the parties to move to dismiss an individual BELO

---

[9] *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000)); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 238 F. Supp. 3d 799, 815 (S.D. Tex. 2017) (citation omitted), *aff'd sub nom. Lampkin v. UBS Fin. Servs., Inc.*, 925 F.3d 727 (5th Cir. 2019).
[10] *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (stating that if an allegation is contradicted by contents of an exhibit, the exhibit and not the allegation controls) (citing *Simmons v. Peavy–Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940)); *Thermo Credit, LLC v. Cordia Corp.*, No. 12-1454, 2013 WL 425930, at *6 (E.D. La. Feb. 4, 2013) (considering documents referenced or attached to complaint and noting that a document that contradicts the pleading takes prominence) (citing *Assoc. Builders, Inc. v. Ala, Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)).
[11] *See, e.g.*, *Guillot v. Lopinto*, No. 20-1604, 2021 WL 779180, at *7 (E.D. La. Mar. 1, 2021); *White v. City of New Orleans*, No. 19-11911, 2020 WL 2844845, at *3 (E.D. La. May 29, 2020) (citation omitted), *aff'd*, 844 F. App'x 719 (5th Cir. 2021).

complaint with*out* prejudice for failure to complete the conditions precedent to filing a lawsuit. *Id*. at ¶ IV(1)(A). But section IV(1) also permits motions to modify the CMO. And, as Judge Wilkinson previously explained on several occasions: "At the time [the CMO] was issued, I optimistically anticipated only curable pre-filing administrative deficiencies, not that a plaintiff's failure would be to miss one of the absolute deadlines established in the Medical Settlement Agreement."[12]

As in prior cases involving defects that cannot be cured, "[n]o purpose would be served by dismissing these cases without prejudice, when their untimely filing under the Medical Settlement Agreement clearly means that their claims are barred and must be dismissed with prejudice."[13] Invoking CMO ¶ IV(1)(D), as done on prior occasions,[14] I hereby modify the CMO insofar as it applies to these particular BELO cases to permit filing of the motions to dismiss with prejudice.

### III.  CONCLUSION

Although Plaintiff's Complaint alleges that he was first diagnosed with chronic sinusitis on April 7, 2021,[15] based on that same April 7, 2021 diagnosis, he previously sought to assert a claim for chronic sinusitis in his earlier BELO suit. At that time, Judge Fallon denied the motion and noted that Plaintiff's medical documentation reflected that Dr. Hector P. Rodriguez first diagnosed him with chronic sinusitis on May 20, 2014.[16]

Based on his May 20, 2014 first diagnosis of chronic sinusitis, Plaintiff had until May 20, 2018 to file suit. Evidently unable to dispute BP's assertion, Plaintiff has failed to file an Opposition to BP's motion to dismiss. Plaintiff's current suit, filed February 14, 2022, is untimely.

---

[12] *Benton v. BP Expl. & Prod. Inc*., No. 19-9985, 19-9987, 2019 WL 3937665, at *2 (E.D. La. July 15, 2019), *R&R adopted* 2019 WL 3935559 (E.D. La. Aug. 20, 2019).,;
[13] *Benton*, 2019 WL 3937665, at *7.
[14] *See id.*
[15] ECF No. 1, ¶ 28, at 6; *see also* ECF No. 5-2, at 8, 16.
[16] ECF No. 5-1, at 5–7 (including 473.8 Chronic Sinusitis, Other under Assessment/Diagnosis); *see also* ECF No. 61 (citing ECF No. 47-2, at 5) in Civ. No. 2:19-cv-0532.

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(c) (ECF No. 5) filed by Defendants BP Exploration & Production Inc. and BP America Production Company be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[17]

New Orleans, Louisiana, this 21st day of April, 2022.

                                            DONNA PHILLIPS CURRAULT
                                          UNITED STATES MAGISTRATE JUDGE

---

[17] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).